| | AUSA: | Robert Kuhn | Telephone: | (313) 226-9100 |
|---|---|---|---|---|
| AO 91 (Rev. 11/11) Criminal Complaint | Special Agent: | Ryan Thick | Telephone: | (313) 202-3400 |

# UNITED STATES DISTRICT COURT
### for the

### Eastern District of Michigan

United States of America
    v.

Lucas Molter

Case No. 26-30120

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ July 16, 2024 - May 30, 2025 _____ in the county of _____ Wayne _____ in the _____ Eastern _____ District of _____ Michigan _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(a)(6) | Making a false statement during the purchase of a firearm |
| 18 U.S.C. § 922(g)(4) | Prohibits an individual who has been adjudicated as a mental defective or who has been committed to a mental institution |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Ryan Thick, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence and/or by reliable electronic means.

Date: __March 4, 2026__

City and state: __Detroit, MI__

_____
*Judge's signature*

Hon. Elizabeth A. Stafford, U.S. Magistrate Judge
*Printed name and title*

<u>**AFFIDAVIT IN SUPPORT OF CRIMIANL COMPLAINT**</u>

## I.   <u>INTRODUCTION AND AGENT BACKGROUND</u>

I, Ryan Thick, being first duly sworn, hereby depose and state as follows:

1.      I have personal knowledge of the facts set forth in this affidavit with the exception of the matters expressly stated to be based upon information and belief.

2.      I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have been since November 2022. I have a bachelor's degree in criminal justice and a master's degree in business management and leadership. To become an ATF Special Agent, I completed 26 weeks of training, including the Criminal Investigator Training Program and the ATF Special Agent Basic Training program at the Federal Law Enforcement Training Center in Glynco, Georgia. Throughout my law enforcement career, I have participated in numerous state and federal investigations into firearm and explosive offenses. I received extensive training on firearms identification, common scenarios involving firearms and narcotics trafficking, and identification of controlled substances. Additionally, I received training on undercover investigations related to firearms and narcotics trafficking, which included investigative techniques and recognition of common subject behavior.

3.      While with ATF, I have investigated violent crimes, narcotics trafficking, and firearms related criminal violations. I have executed search and

arrest warrants, utilized confidential informants, performed interviews, analyzed data extracted from seized cellular devices, and engaged various surveillance techniques, including physical, electronic, and visual surveillance.

4. I am an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510(7), and I am empowered to conduct investigations and make arrests of offenses enumerated under federal law.

5. I am currently assigned to the Pontiac Gun Violence Task Force ("GVTF"). Additionally, I am a member of the ATF led Crime Gun Enforcement Team ("CGET"). The GVTF and the CGET are tasked with investigating the unlawful possession of firearms and violent firearm crimes committed within the city of Pontiac, Oakland County, and the Eastern District of Michigan.

6. The facts in this affidavit come from my personal observations, interviews conducted by myself and/or other law enforcement agents, review of relevant police reports, information from others who have personal knowledge of the events, circumstances described herein, and my training and experience. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

7. Based on my training and experience and the facts set forth in this affidavit, there is probable cause to believe that Lucas MOLTER (DOB: XX/XX/1986), fraudulently attempted to purchase and made false statements during the attempted purchase of one Grey Ghost Precision model GGP-CP, pistol frame

2

bearing serial number GGC3403 in violation of in violation of Title 18 United States Code, Section 922(a)(6) (making a false statement during the purchase of a firearm) and possessed multiple firearms and ammunition in violation of Title 18 United States Code, Section 922(g)(4) (prohibits individuals who have been "adjudicated as a mental defective" or "committed to a mental institution" to ship, transport, receive, or possess firearms or ammunition that have been shipped or transported in interstate or foreign commerce).

## II.    PROBABLE CAUSE

8.      On May 12, 2025, I received information from the ATF Detroit Crime Gun Intelligence Center (CGIC) that MOLTER attempted to purchase a firearm frame from a Federal Firearms Licensee (FFL) located in the Eastern District of Michigan. MOLTER was denied that purchase by the FBI National Instant Criminal Background Check System (NICS).

9.      On July 16, 2024, MOLTER attempted to purchase one Grey Ghost Precision model GGP-CP, pistol frame, bearing serial number GGC3403 from a Federal Firearms Licensee (FFL) located in the Eastern District of Michigan. MOLTER was ultimately denied this purchase due to his history of being mentally adjudicated or committed to a mental institute.

10.     I am aware of the term "firearm" as defined under Title 18 United States Code, Section 921(a)(3). In that provision, a "firearm" is defined as "(A) any weapon (including a starter gun) which will or is designed to or may readily be converted to

3

expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device. Such term does not include an antique firearm." Therefore, the Grey Ghost Precision model GGP-CP, pistol frame MOLTER attempted to purchase on July 16, 2024, is a "firearm," as defined under 18 U.S.C. § 921(a)(3)(B). The criminal offenses described under 18 U.S.C. § 922(a)(6) and (g)(4) rely on this definition of a "firearm."

11.     I reviewed ATF Form 4473 completed by MOLTER for the above-described firearm. The ATF Form 4473 asks the purchaser of a firearm the following question: "Have you ever been adjudicated as a mental defective OR have you ever been committed to a mental institution?" MOLTER marked "No."

12.     I also observed on the forms that MOLTER signed his name certifying his answers are true, correct, and complete, dated July 16, 2024.  Additionally, MOLTER signed his name where it states, "I also understand that making any false oral or written statement, or exhibiting any false or misrepresented identification with respect to this transaction, is a crime punishable as a felony under federal law, and may also violate state and/or local laws."

13.     On April 27, 2022, the Wayne County Probate Court Ordered MOLTER be hospitalized and treated.  A petition had been filed for MOLTER's hospitalization and endorsed by two licensed medical professionals because MOLTER was under a severe manic episode with psychotic features presenting with

suicidal and homicidal ideations, access to firearms, and irritable and impulsive behavior requiring agitation medications. According to the Disposition Order, MOLTER received notice of the petition and hearing, and on April 27, 2022, a hearing was held in the Wayne County Probate Court. MOLTER's appointed counsel waived his appearance, and the Court granted the petition. The Court ordered combined hospitalization and assisted out-patient treatment, not to exceed 60 days hospitalization and not to exceed 180 days combined. Therefore, MOLTER has previously "been committed to a mental institution," as stated in ATF Form 4473.

14.     There is probable cause to believe that MOLTER knowingly made a false statement to an FFL in the Eastern District of Michigan that was material to the lawfulness of the sale of a firearm. Further, there is probable cause to believe that the false statement was intended or likely to deceive the FFL as to the sale or disposition of the firearm.

15.     After learning of MOLTER's attempt to purchase a firearm in July 2024, I reviewed additional law enforcement records showing that prior to his hospitalization, MOLTER purchased three other firearms from a Federal Firearms Licensee (FFL) located in the Eastern District of Michigan. MOLTER purchased one Zastava (ZAS), model ZPAP92, 7.62 caliber, pistol, bearing serial number Z92-077779 on September 24, 2020, and one Grey Ghost Precision, model GGP, 9mm caliber, pistol, bearing serial number GGC4897 on February 16, 2022. After further

review of ATF Form 4473, MOLTER purchased a second Grey Ghost Precision pistol frame bearing serial number GGC3384 under the same transaction as the first Grey Ghost Precision pistol frame described above on February 16, 2022.

16.     On May 13, 2025, I contacted MOLTER via telephone and identified myself as a Special Agent with the ATF. MOLTER acknowledged he still possessed one Zastava (ZAS), model ZPZP92, 7.62 caliber, pistol, bearing serial number: Z92077779. In addition, MOLTER stated that he still resides at XXXX Junction Street, Plymouth, MI 48170.  After I advised MOLTER that he was prohibited from possessing the firearm due to having been committed to a mental institution, MOLTER stated that he thought he had been committed to the "hospital because he had a broken leg." He stated he was in possession of the firearm legally, and ultimately, he ended the call.

17.     On May 30, 2025, based on the above information, the ATF executed a federal search warrant at MOLTERS' residence, located at XXXX Junction Street, Plymouth, MI 48170. MOLTER was the only person present at the residence.

18.     When officers searched MOLTERS' residence there were multiple firearms and ammunition located.  The following items were located inside the residence:

**SECOND LEVEL NORTH BEDROOM**

A.     Zastava, model ZPAP92, 7.62 caliber AR-style Pistol bearing serial number Z92-077779

B.     Grey Ghost Precisions frame with attached aftermarket 9mm Glock slide bearing serial number GGC489

C.     Two Thousand Three Hundred Ninety-Nine (2,399) rounds of assorted 9mm live ammunition

D.     Six Hundred Sixty (660) rounds of assorted 7.62 caliber live ammunition

E.     One Hundred Twenty-Two (122) rounds of live ammunition loaded inside

G.

F.     Aftermarket firearm pistol slide with other assorted gun parts

G.     Four (4) rifle magazines loaded with one hundred twenty-two (122) rounds of ammunition

H.     Seven (7) empty pistol magazines

**SECOND LEVEL WEST BEDROOM**

I.     Polymer 80 frame, model PF940C with no serial number located in a Polymer 80 jig


19.    Because MOLTER was previously committed to a mental institution, there is probable cause to believe that MOLTER is aware of his status and that he is prohibited from possessing firearms and ammunition under 18 U.S.C. § 922(g)(4).

### III.    INTERSTATE NEXUS

20.    On January 21, 2026, ATF Interstate Nexus Expert, Special Agent Kara Klupacs was provided with a verbal and visual description of the firearms recovered on May 30, 2025, from XXXX Junction Street, Plymouth, MI 48170. Based upon the descriptions, Special Agent Klupacs advised that the Zastava, model ZPAP92, 7.62 caliber AR-style Pistol bearing serial number Z92-077779 and the Grey Ghost Precisions frame with attached aftermarket 9mm Glock slide bearing serial number GGC4897 are firearms, as defined under 18 U.S.C. § 921, and were manufactured

outside of the state of Michigan after 1898. Therefore, the firearms have traveled in and affected interstate commerce.

### IV.   CONCLUSION

21.   Therefore, there is probable cause that on July 16, 2024, MOLTER made false statements on ATF Form 4473 by falsely denying that he had ever been committed to a mental institution, in violation of Title 18 United States Code, Section 922(a)(6) (making a false statement during the purchase of a firearm). Furthermore, there is probable cause that  on May 30, 2025, MOLTER possessed the multiple firearms and ammunition described above in violation of Title 18 United States Code, Section 922(g)(4) (prohibits individuals who have been "adjudicated as a mental defective" or "committed to a mental institution" to ship, transport, receive, or possess firearms or ammunition which has been shipped or transported in interstate or foreign commerce).

Respectfully submitted,

Ryan Thick, Special Agent
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Sworn to before me and signed in my
presence and/or by reliable electronic means.

Hon. Elizabeth A. Stafford
United States Magistrate Judge

Date:   March 5, 2026

8